```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**SUNPRO, LLC,**

        **Plaintiff,**

v.                          Civil Action No. 1:08cv192
                                (Judge Keeley)

**NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY,**
an Ohio corporation authorized
to do business as a registered
West Virginia insurance company,

        **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY'S
<u>MOTION FOR SUMMARY JUDGMENT ON COVERAGE (DKT. NO. 16)</u>**

    Plaintiff Sunpro, LLC ("Sunpro") filed this action against defendant Nationwide Property and Casualty Insurance Company ("Nationwide"), seeking payment on a policy of insurance following damage to the roof of Sunpro's commercial building. Sunpro additionally alleges that Nationwide acted in bad faith by denying its claim.

    Nationwide has moved for summary judgment on the issue of whether the damage is covered under Sunpro's policy, arguing that the damage to the roof was caused by ordinary wear and tear, which Sunpro's policy does not cover. For the reasons that follow, the Court finds that there is a question of material fact as to whether

**SUNPRO, LLC v. NATIONWIDE PROPERTY　　　　　　　　　　　　1:08cv192
AND CASUALTY INSURANCE COMPANY**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT ON COVERAGE**

wear and tear caused the damage to Sunpro's roof. Consequently, the Court **DENIES** Nationwide's motion for summary judgment.

### I. Factual Background.[1]

Sunpro owns a commercial building in Nutter Fort, Harrison County, West Virginia. In March of 2008, the rubber roof of the building began to leak, eventually to such a degree that Sunpro hired Tim Hogan ("Hogan"), a local roofing contractor, to replace the roof.

Nationwide had issued a policy of insurance on the building, and Sunpro made a claim for the cost of repairing the roof. Nationwide investigated and ultimately denied the claim based on a wear and tear exclusion in the policy. Nationwide's engineer, Darren Franck, concluded that the roof had reached the end of its useful life, and that the leaks were not caused by any sudden damage but were the result of expected failure of the roof seams given their age and condition.

---

[1] The Court is mindful that it must, on summary judgment, review the facts in the light most favorable to Sunpro, the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

**SUNPRO, LLC v. NATIONWIDE PROPERTY
AND CASUALTY INSURANCE COMPANY**                        1:08cv192

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT ON COVERAGE**

At Sunpro's request, Hogan responded to Franck's opinion and stated that, while he was unsure of the cause of the damage, it was unlike any he had seen in his many years in the roofing industry. He unequivocally stated, however, that wear and tear was not the cause of the roof's failure.

## II. Analysis

In this diversity action arising under West Virginia law, in order to justify its decision to deny coverage Nationwide must prove by a preponderance of the evidence that wear and tear did in fact cause the damage to Sunpro's roof. "An insurance company seeking to avoid liability through the operation of an exclusion has the burden of proving the facts necessary to the operation of that exclusion." Syl. pt. 7, National Mut. Ins. Co. v. McMahon & Sons, Inc., 356 S.E.2d 488 (1987)(modified on other grounds by Potesta v. U.S. Fid. & Guar. Co., 504 S.E.2d 135(1998). In order to prevail on summary judgment, Nationwide must establish that there is no genuine issue of material fact as to the cause of the damage.

While Nationwide has introduced expert testimony supporting the conclusion that wear and tear caused the damage, Sunpro's expert, Hogan, as offered a contradictory opinion. Nationwide has

**SUNPRO, LLC v. NATIONWIDE PROPERTY                                  1:08cv192
AND CASUALTY INSURANCE COMPANY**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT ON COVERAGE**

not challenged Hogan as an improper expert under Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), or Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). Based on his experience in the roof construction and repair business, and his work in particular on Sunpro's roof, Hogan has opined that the damage to the roof was "abnormal," that, with proper maintenance, the roof should have lasted for several more years, and, critically, that wear and tear did not cause the damage. Accordingly, there a genuine issue of material fact in dispute that must be resolved at trial.

## Conclusion

For the reasons stated, the Court **DENIES** Nationwide's Motion for Summary Judgment on Coverage (dkt. no. 16).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATE: January 29, 2010

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE